# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREW PERRONG,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **VICTORY PHONES LLC,** | : | **No. 20-5317** |
| *Defendant* | : | |

## ORDER

**AND NOW**, this 5th day of April, 2022, upon consideration of Plaintiff Andrew Perrong's Motion to Compel (Doc. No. 59), Defendant Victory Phones LLC's Response in Opposition (Doc. No. 60), Defendant's Motion to Compel (Doc. No. 62), Plaintiff's Response in Opposition (Doc. No. 64), the oral argument held on March 29, 2022, Plaintiff's supplemental letter (Doc. No. 67), and Defendant's supplemental letter (Doc. No. 66), it is hereby **ORDERED** that:

1. Plaintiff's Motion to Compel (Doc. No. 59) is **GRANTED**.[1]

---

[1] Andrew Perrong received a prerecorded polling call for which he was charged $0.017. Based on this call, Andrew Perrong filed a class action suit against Victory Phones LLC, claiming that Victory Phones had made identical unwanted phone calls to others, warranting at least $500 in statutory damages per call under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

In preparation for his motion for class certification, Mr. Perrong has moved to compel Victory Phones to produce the records for all calls made on behalf of the *same client* who called Mr. Perrong. For months, Mr. Perrong has sought these records from Victory Phones. He has even agreed to limit his request to call records from just one of Victory's two calling systems used to make calls during the class period; System A was taken offline in early 2020, but System B is still up and readily accessible. Despite this narrowing, Victory Phones has refused to identify its client and has produced just four days of call records, limited to the specific *campaign* that called Mr. Perrong. Victory Phones refuses to provide any more information absent a court order, insisting that its client should remain a secret and complaining that the cost to produce all the call records (estimated at about $43,000) far exceeds Mr. Perrong's actual loss (a mere $0.017).

Parties are entitled to discover any "relevant" information that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The call records are certainly relevant to Mr. Perrong's class action claims: The records show that prerecorded calls were made, and to whom. According to Mr. Perrong, once his expert receives these call records, the expert will be able to determine which callers were charged for the calls, a precursor to triggering liability under the TCPA. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

To Victory Phones, the call records are not relevant *yet*, for the Court has not yet certified a class. As Victory Phones sees it, Mr. Perrong does not need these call records until *after* class certification, when he must identify the class members and provide proper notice. But this Court has already once rejected Victory Phones's request to bifurcate discovery into individual and class discovery. "As such, [Mr. Perrong] was required to seek discovery on both his individual claim and his class claim at the same time and could not wait until after the Court ruled on his motion for class certification to request this relevant information." *Frey v. Frontier Utils. Ne. LLC*, No. 19-cv-2372, 2020 WL 12697468, at *2 (E.D. Pa. Apr. 13, 2020).

1

2. Defendant shall identify the client on whose behalf it made calls to the Plaintiff within 3 days of the date of this Order.

3. Defendant shall produce the complete records of calls made from "System B" on behalf of this client within 21 days of the date of this Order.

4. Defendant's Motion to Compel (Doc. No. 62) is **DENIED**.[2]

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

Either way, the call records *are* relevant to class certification. *See Frey*, 2020 WL 12697468, at *2; *accord Gold Grp. Enters., Inc. v. Bull*, No. 14-cv-7410, 2015 WL 3794719, at *4–5 (D.N.J. June 16, 2015). For the Court to certify this class, the Court must find that the class is "so numerous" that not all callers could be individually joined. Fed. R. Civ. P. 23(a)(1). The call records, by detailing *how many* phones were called, shows just that. The Court must also find that Mr. Perrong's claims are "typical of the claims … of the class." Fed. R. Civ. P. 23(a)(3). That is, Mr. Perrong must show that the other call recipients, like him, were charged for the call. *See* Compl. ¶ 36. Absent the call records, from which Mr. Perrong's expert can determine who was charged for the call, Mr. Perrong might not be able carry his burden of proof to show that his claims are typical of the class. Because the call records go to the scope and suitability of the class, "production of call logs and related data is standard fare in TCPA actions." *Hancock v. Credit Pros Int'l Corp.*, No. 20-cv-2826, 2021 WL 2948154, at *8 (D.N.J. July 13, 2021).

In addition to being relevant to both class certification and the merits, the call records are also proportional. Victory Phones estimates that production would cost about $43,000. Comparing that cost to the $0.017 that Mr. Perrong actually paid for the call, Victory Phones insists that production of the call records is disproportionate. But the TCPA does not limit a plaintiff to actual damages. Instead, a plaintiff can recover $500 in damages for statutory violations, and up to $1,500 if the violation was willful. 47 U.S.C. § 227(b)(3). Mr. Perrong estimates that perhaps *millions* of recipients might have been charged for prerecorded phone calls made on behalf of this particular client, potentially resulting in a sizeable statutory damages award. Victory Phones cannot avoid this potential award by refusing to hand over the very call records that go to the core of its liability. *Cf. Boeynaems v. LA Fitness Int'l, LLC*, 285 F.R.D. 331, 341–42 (E.D. Pa. 2012) (requiring plaintiffs to bear cost of further discovery where defendant had already provided copious amounts of relevant information and the additional information sought was not likely to be important to the case).

Victory Phones must also identify its client. So far, Victory Phones has refused to do so out of fear that Mr. Perrong will join the client as a defendant in this suit. That is not good cause to refuse to hand over information core to this putative class action, which represents all recipients of calls made on behalf of this anonymous client. The client's identity is relevant, and the client likely has discoverable information, such as how the call list was chosen. Moreover, the client's identity is not privileged, and disclosure will not cause "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

[2] Victory Phones has also filed a motion to compel of its own. Mr. Perrong received the prerecorded call from Victory Phones while he was in a law school class. To prove that Mr. Perrong was not actually injured by the receipt of this call, Victory Phones now seeks all documents concerning the circumstances of the call, including "notes [Mr. Perrong] took during the class or guidelines from [his] law school or professor about virtual class attendance and participation." Doc. No. 62, at 2. Mr. Perrong objects, asserting that the request is both irrelevant and intrusive. He is right. This Court has already held that Mr. Perrong experienced an injury-in-fact because he received an unwanted phone call that temporarily deprived him of the use of his phone. Doc. No. 42, at 5. And though Mr. Perrong's class activities might have been relevant if he had been seeking *actual* damages, he is not; he seeks only *statutory* damages. *See* Sec. Am. Compl. at 9, Doc. No. 24. Absent a concrete showing of relevance, Victory Phones may not go digging into Mr. Perrong's class notes.

2